IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10066
_____


UNITED STATES OF AMERICA

                                        Plaintiff-Appellee,

                        versus

JUAN ENRIQUE LANDEROS-GONZALES

                                        Defendant-Appellant.
_____

        Appeal from the United States District Court for the
                    Northern District of Texas
_____

                        August 14, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

    Juan Enrique Landeros-Gonzales ("Landeros") pleaded guilty to
illegally re-entering the United States after having been deported,
in violation of 8 U.S.C. § 1326.  The district court imposed a 16-
level increase under the sentencing guidelines because Landeros had
previously been convicted of an aggravated felony.  The district
court then sentenced Landeros to 71 months' imprisonment followed
by 3 years' supervised release.  Landeros argues on appeal that the
district court erred in enhancing his sentence.  Landeros contends,

1

and we agree, that his prior conviction for criminal mischief -- as relates to this case, the intentional marking of another's property -- does not constitute a "crime of violence" or "aggravated felony" for the purposes of USSG §2L1.2(b)(1)(a). We therefore vacate the sentence and remand for re-sentencing.

I

Juan Enrique Landeros-Gonzales is a native and citizen of Mexico who has lived most of his life in the State of Texas.

In 1993, Landeros pleaded guilty in a Texas court to violating the state's "criminal mischief" statute, which provided that "a person commits an offense if, without the effective consent of the owner, . . . he intentionally or knowingly makes markings, including inscriptions, slogans, drawings, or paintings on the tangible property of the owner." TEX. PENAL CODE ANN. § 28.03(a)(3)(Vernon 1994)(historical notes). Landeros admitted that he had spray-painted graffiti on a building and a fence. Because the aggregate value of the damage exceeded $750, Landeros's offense was considered a class 3 felony. TEX. PENAL CODE ANN. § 28.03(b)(4)(A)(Vernon 1994)(historical notes). The Texas court sentenced Landeros to 10 years' probation.

In 1998, the Texas court revoked Landeros's probation and ordered him to serve 6 years in prison. While Landeros was serving his prison sentence, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against him. On January

15, 2000, Landeros was deported from the United States to Mexico.

In August 2000, border patrol agents apprehended Landeros in San Angelo, Texas. Landeros pleaded guilty to one count of illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326.

The Pre-Sentence Report ("PSR") noted that the applicable sentencing guideline for illegal re-entry convictions mandates a 16-level increase to the base offense level if the defendant was deported after being convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). See USSG § 2L1.2(b)(1)(A) & Application Note 1. Included in the statutory definition of "aggravated felony" are "crimes of violence," which include any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The PSR recommended that Landeros receive the 16-level increase because his 1993 conviction for criminal mischief was a "crime of violence" and, therefore, an "aggravated felony" for the purposes of the sentencing guidelines.

Landeros objected to the PSR's recommendation, but the district court agreed with the PSR. Based on the 16-level enhancement, the district court sentenced Landeros to 71 months' imprisonment and 3 years' supervised release. According to Landeros's calculations, his sentence without the aggravated felony

3

enhancement would have been 21 months' imprisonment.

## II

### A

The sole issue on appeal is whether Landeros was convicted of an offense that qualifies as a "crime of violence" and, therefore, an "aggravated felony" under the sentencing guidelines.[1] We accept the district court's findings of fact unless clearly erroneous, but we review the district court's interpretation and application of the sentencing guidelines *de novo*. United States v. Deavours, 219 F.3d 400, 402 (5th Cir. 2000).

### B

A felony offense is considered a "crime of violence" if the offense, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). We begin by defining the relevant offense.

---

[1]Landeros also suggests that his criminal mischief conviction should have been considered an element of the illegal re-entry offense. Because the fact of his prior conviction was not alleged in the indictment, Landeros argues that his prison sentence may not exceed the 2-year statutory maximum. Landeros has raised this Apprendi issue for the sole purpose of preserving the question for possible review by the United States Supreme Court. He acknowledges that his position is contrary to Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a mere sentencing factor. While it has been suggested that Almendarez-Torres is inconsistent with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Almendarez-Torres is nevertheless binding on this court.

4

We have explained that the statutory phrase "by its nature" compels us to look only at the "inherent nature of the offense" to determine whether the offense constitutes a crime of violence. United States v. Delgado-Enriquez, 188 F.3d 592, 594 (5th Cir. 1999); see also United States v. Chapa-Garza, 243 F.3d 921, 924 (5th Cir. 2001)("The proper inquiry is whether the particular defined offense, in the abstract, is a crime of violence. . . ."). This categorical approach does not take into account the specific facts surrounding a particular criminal conviction.

The Texas "criminal mischief" statute provides that a person commits an offense if he intentionally (1) "damages or destroys" another's property, (2) "tampers with" property in such a way as to cause inconvenience to the owner or to some third person, or (3) "makes markings" on another's property. TEX. PENAL CODE § 28.03(a)(1)-(3). For the purpose of defining a "crime of violence," the different subsections of a comprehensive criminal mischief statute should be treated as separate offenses. See United States v. Damon, 127 F.3d 139, 142-43 (1st Cir. 1997). In the light of Landeros's criminal mischief indictment, it is clear that he pleaded guilty to violating subsection (3) of the statute. We therefore conclude that the relevant offense is the intentional "marking" of another's property with "inscriptions, slogans, drawings, or paintings."

C

5

In the next step, we determine whether there is a substantial risk that force will be used in the course of marking another's property.

We must be clear, though, about the meaning of the word "force." This court has held that "force," as used in the statutory definition of a "crime of violence," is "synonymous with destructive or violent force." United States v. Rodriquez-Guzman, 56 F.3d 18, 20 n.8 (5th Cir. 1995)(explaining that, in the context of a burglary offense, "force" means "more than the mere asportation of some property of the victim"); see also United States v. Velazquez-Overa, 100 F.3d 418, 420 (5th Cir. 1996).

Cognizant of this definition, the government emphasizes that graffiti is not limited to spray-painting. A miscreant could make markings on another's property by etching or gouging, for examples. Furthermore, the government adds, "It is not inconceivable that someone might tear pickets off a fence in a pattern that would be a readable slogan." Although it is conceivable that someone might commit the offense in this manner, the legal standard set forth in 18 U.S.C. § 16(b) is whether the offense involves a "substantial risk" of force. A "substantial risk requires a strong probability that the application of physical force during the commission of the crime will occur." Rodriquez-Guzman, 56 F.3d at 20.

To be sure, graffiti causes damage to property, but it does not involve the kind of risk of destructive force that is involved

6

in prior cases. In <u>United States v. Galvan-Rodriquez</u>, 169 F.3d 217, 219 (5th Cir. 1999), we held that the unauthorized use of a motor vehicle is a crime of violence under 18 U.S.C. § 16(b) because there is a substantial risk that "the vehicle might be broken into, 'stripped,' or vandalized, or that it might become involved in an accident. . . ." In <u>Delgado-Enriquez</u>, 188 F.3d at 595, we held that criminal trespass is a crime of violence under 18 U.S.C. § 16(b) because the offense, which specifically requires entering or remaining in another's dwelling, poses a substantial risk that force will be used to enter the dwelling and subdue the occupants. In <u>Rodriquez-Guzman</u>, 56 F.3d at 20-21, we held that the burglary of a non-residential building is a crime of violence because such crimes often involve breaking through windows and doors. The offense at issue here -- the intentional "marking" of another's property -- is distinguishable because these similar characteristics are lacking.

In sum, we cannot conclude that there is a substantial risk that a vandal will use "destructive or violent force" in the course of unlawfully "making marks" (such as inscriptions or drawings) on another person's property. Accordingly, Landeros's conviction is not a "crime of violence" under 18 U.S.C. § 16 and, consequently, is not an "aggravated felony" for the purposes of USSG § 2L1.2(b)(1)(A). Because Landeros's sentence is based upon an erroneous interpretation of the sentencing guidelines, we must

vacate the sentence.  <u>Velazquez-Overa</u>, 100 F.3d at 419-20.

                                III

     For the reasons set forth above, we conclude that Landeros's felony offense -- the intentional "marking" of another person's property -- does not "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  Because his prior offense was not a crime of violence (and thus not an aggravated felony), the district court erred in enhancing Landeros's sentence under USSG § 2L1.2(b)(1)(A).  The sentence is VACATED, and the case is REMANDED for re-sentencing.

                                V A C A T E D and R E M A N D E D .