United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-41031

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RUBEN MARTINEZ-PARAMO,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas**

Before BARKSDALE, EMILIO M. GARZA, and STEWART, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For Ruben Martinez-Paramo's challenge to his conviction and sentence, primarily at issue is whether, for sentence enhancement purposes, his prior Pennsylvania conviction for the misdemeanor offense of terroristic threats is a requisite "crime of violence" under § 2L1.2 of the Sentencing Guidelines. The record is not sufficient to decide that issue. He acknowledges our precedent forecloses his constitutional challenge to his guilty-plea conviction. We **AFFIRM** the conviction; **VACATE** the sentence; and **REMAND** for resentencing.

I.

In early 2003, Martinez-Paramo, a Mexican citizen, pleaded guilty to being knowingly and unlawfully present in the United

States after a previous deportation, in violation of 8 U.S.C. § 1326(a) and (b).  The Guidelines mandate a base-level of eight for that offense.  U.S.S.G. § 2L1.2(a) (2002).  Pursuant to Guidelines § 2L1.2(b)(1)(A)(ii), the presentence investigation report (PSR) recommended that Martinez-Paramo's sentence be increased by 16 levels for his previous deportation following a criminal conviction for a "crime of violence" (COV).  The claimed COV was Martinez-Paramo's July 2000 Pennsylvania conviction for terroristic threats, subsequent to which he was deported in 2002.

Over Martinez-Paramo's objections to the PSR and at sentencing, the district court held the Pennsylvania conviction was a § 2L1.2 COV.  After a three-level acceptance of responsibility downward adjustment, Martinez-Paramo's total offense level was 21.  Based on his category IV criminal history, his sentencing range was 57-71 months.  The district court granted the Government's downward departure motion and sentenced Martinez-Paramo, *inter alia*, to 41 months.

## II.

Martinez-Paramo presents two issues.  He acknowledges his challenge to his conviction fails; on this record, we cannot decide the challenge to his sentence.

## A.

Concerning his conviction, Martinez-Paramo claims 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in the light of *Apprendi v.*

2

*New Jersey*, 530 U.S. 466 (2000). He admits, however, that relief is foreclosed by *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998). *E.g., United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2002), *overruled on other grounds by, United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004)(en banc). The issue is raised only to preserve it for possible review by the Supreme Court.

B.

Concerning his sentence, Martinez-Paramo claims his previous conviction in Pennsylvania for terroristic threats is not a COV under § 2L1.2. The district court's findings of fact are reviewed only for clear error; its interpretation and application of the Guidelines, *de novo*. *E.g., United States v. Charles*, 301 F.3d 309, 312-13 (5th Cir. 2002) (en banc) (citation omitted).

Under § 2L1.2, a COV

> (I) means an offense under federal, state, or local law that *has as an element* the use, attempted use, or *threatened use of physical force against the person of another*; and

> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, Application Note 1(B)(ii) (emphasis added). Because terroristic threats is not an offense enumerated in part II, Martinez-Paramo's Pennsylvania conviction for such *threats* can

3

be a COV only if it "has as an element the use, attempted use, or *threatened use* of physical force against [the person of] another". *Id*. (emphasis added). *See **United States v. Rodriguez-Rodriguez**, 323 F.3d 317, 318-19 (5th Cir. 2003) (analyzing conviction at issue separately under each part of COV definition); **United States v. Rayo-Valdez**, 302 F.3d 314, 316-319 (5th Cir.), cert. denied, 537 U.S. 1095 (2002) (holding offense specifically enumerated as COV need not involve, as an element, use of force).

Because the COV definition includes the "as an element" phrase, a categorical approach is employed; in other words, the facts underlying a conviction are not considered. Instead, we "look only to the fact of conviction and the statutory definition of the prior offense to determine whether a prior conviction qualifies as a predicate offense for sentencing enhancement purposes". **Rodriguez-Rodriguez**, 323 F.3d at 318-19. *See also* **Taylor v. United States**, 495 U.S. 575, 602 (1990) (using categorical approach to interpret COV at 18 U.S.C. § 924(e)). Restated, the § 2L1.2 16-level COV enhancement depends "upon whether the predicate offense has the use of force as an element of the crime". **United States v. Vargas-Duran**, 356 F.3d 598, 605 (5th Cir. 2004) (en banc) (citations omitted) (holding use of force required under § 2L1.2 must be intentional).

For examining the elements of the Pennsylvania "terroristic threats" misdemeanor offense, the version of the statute under which Martinez-Paramo was convicted states:

> A person commits the *crime of terroristic threats* if the person communicates, either directly or indirectly, a *threat* to: (1) *commit any crime of violence with intent to terrorize another;* (2) cause evacuation of a building, place of assembly or facility of public transportation; or (3) otherwise cause serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 PA. CONS. STAT. § 2706(a) (2003) (emphasis added). A COV, as used in § 2706(a)(1), is *not*, however, defined in the Pennsylvania statute. In any event, because the terroristic threats statute contains one subsection which *arguably qualifies* as a COV and two subsections which arguably do not, the Government contended in district court and on appeal that we can look beyond the fact of conviction to determine the elements of the statute to which Martinez-Paramo pleaded guilty.

The Government is correct that, although the statutory definition of an offense is our primary guide, the categorical approach "does not preclude looking beyond the fact of conviction in all situations". **United States v. Allen**, 282 F.3d 339, 342 (5th Cir. 2002). In **Taylor**, the Supreme Court examined whether the defendant's conviction was a "burglary" under 18 U.S.C. § 924(e) and held the sentencing court could go beyond the mere fact of conviction in a "narrow range of cases where the jury was actually

5

required to find all the elements of generic burglary". 495 U.S. at 602. *Taylor* hypothesized a burglary statute that includes both entry into an automobile and into a building, in which the guideline provided that automobile-entry did not qualify for an enhancement, but building-entry did. *Id*. For such a situation, *Taylor* held that, for enhancement purposes, the sentencing court was permitted to look to the indictment and jury instructions, if they showed: the defendant was charged only with burglary of a building; and the jury necessarily had to find entry into the building to convict. *Id*.

By extension, where a defendant pleads guilty to an offense, we have allowed the sentencing court to look to the indictment to determine the elements of the statute to which the defendant pleaded guilty. *E.g., United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001) (treating separately subsections of a comprehensive criminal statute and looking at indictment for sentence enhancement purposes). *Calderon-Pena*, 339 F.3d 320 (5th Cir. 2003), *vacated for reh'g en banc,* 362 F.3d 293 (5th Cir. 2004), followed *Taylor* and relied on the indictment where the statute of conviction contained disjunctive elements. Our en banc court has not decided *Calderon-Pena*; however, in the light of *Taylor* and *Landeros-Gonzales*, it is proper to look beyond the fact of conviction to determine the elements of the terroristic threats statute to which Martinez-Paramo pleaded guilty.

6

The record does not contain an information or indictment charging Martinez-Paramo with the terroristic threats offense. Instead, it contains only the criminal complaint and a sentencing sheet.

The criminal complaint states: Martinez-Paramo was accused of violating the above-quoted Pennsylvania statute, 18 PA. CONS. STAT. § 2706(a) (again, § 2706(a) has three subsections); and "[he] did threaten to *commit a crime of violence* with the intent to terrorize". (Emphasis added.) The complaint also includes the arresting officer's affidavit, detailing the facts underlying the arrest.

The sentencing sheet appears similar to a judgment of conviction and lists two charges to which Martinez-Paramo pleaded guilty and the sentence for each, *including one charge of terroristic threats*; it does not, however, cite the section number of the terroristic threats statute or include language indicating which of the three subsections may have been involved.

In sum, only the criminal complaint (including the attached affidavit describing Martinez-Paramo's conduct) indicates that Martinez-Paramo ultimately *may* have been charged with, and pleaded guilty to, violating § 2706(a)(1) ("threat to (1) commit any crime of violence with intent to terrorize another"), rather than subsection (a)(2) or (a)(3). More is needed.

7

Although the district court noted at sentencing that the criminal complaint was not a charging document, it did not decide whether the documents in the record were sufficient to determine the elements of the terroristic threats statute to which Martinez-Paramo pleaded guilty. Instead, at the Government's urging, it relied on *Bovkun v. Ashcroft*, 283 F.3d 166 (3d Cir. 2002), and held all three subsections of the Pennsylvania statute (§ 2706(a)) fit the § 2L1.2 COV definition, thereby obviating the need to parse the statute's subsections.

*Bovkun* addressed a prior version of the terroristic threats statute and held it to be a COV under 18 U.S.C. § 16(a), which defines such a crime as, *inter alia*, "an offense that has as an element the use, attempted use or threatened use of physical force against the person *or property* of another". (Emphasis added.) As discussed, under Guidelines § 2L1.2 at issue, the force must be against a person; under 18 U.S.C. § 16(a), it can also be against property. Even assuming, *arguendo*, that the § 16(a) COV definition is sufficiently similar to § 2L1.2's to consider *Bovkun* relevant, *Bovkun* is nevertheless distinguishable because Martinez-Paramo was convicted under § 2706(a) in 2000, after its being amended in 1999 had significantly changed its meaning.

The previous statute did not break the offense into separate subsections; rather, it provided:

> A person is guilty of a misdemeanor of the first degree *if he threatens to commit any*

8

*crime of violence* with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

18 PA. CONS. STAT. § 2706 (1998) (emphasis added). **Bovkun** read the pre-amendment statute as requiring a threat to commit a COV in each of the three situations; that court considered the subsequent list to be the different *mens rea* which could accompany the requisite *actus reus* of a threat to commit a COV. 283 F.3d at 166.

In stark contrast to **Bovkun**'s interpretation of the earlier statute, the amended statute at issue clarifies that the offense is committed by communicating a threat to act in any of three ways: to commit a COV; to cause evacuation of a building; or otherwise to cause serious public inconvenience. Restated, the amended statute sets out three separate offenses; only the first is a "threat to commit" a COV. Because **Bovkun** interpreted the prior statute as requiring the "threat to commit" a COV for every terroristic threats conviction, it is not applicable to deciding whether a conviction under the version at issue involves a COV. Although **Bovkun** noted that the subsequent amendment to the statute did not appear to alter the meaning of the provision, that statement is *dictum*. **Id**. at 169.

**Bovkun**'s being inapplicable, we turn to whether it is proper to look to the criminal complaint (in the record) to determine

9

whether Martinez-Paramo's prior conviction is a COV under Guidelines § 2L1.2.  In *United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2003) (*Turner II*), we refused to consider the defendant's charging instrument in order to determine whether his prior conviction was a COV under Guidelines § 4B1.2(a)(2), because the defendant had pleaded guilty to a lesser offense.  Because "a district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted", *id*. (quoting *United States v. Spell*, 44 F.3d 936, 940 (11th Cir. 1995)) and because there was no document charging Turner with the lesser offense, the indictment could not be relied upon to determine the elements for which he was convicted, *id*.  (In *United States v. Turner*, 305 F.3d 349, 351 (5th Cir. 2002) (*Turner I*), discussed *infra*, we had remanded for review of the charging instrument to determine whether defendant's conviction was a COV).  *See also* *Allen*, 282 F.3d at 342-43 (holding district court exceeded *Taylor*'s limits in relying on a police report to determine whether a prior conviction was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii), where the indictment did not answer the question).

The criminal complaint states Martinez-Paramo threatened to commit a COV with the intent to terrorize, and the facts stated in the affidavit support the offense involved being under § 2706(a)(1); the record does not reflect, however, whether the

10

complaint is legally sufficient under **Taylor** and **Turner II** to determine that Martinez-Paramo pleaded guilty to a particular subsection of § 2706(a) — again, a misdemeanor.  In this regard, Pennsylvania courts have held a criminal complaint alone sufficient to support a valid guilty plea or conviction, even in the absence of an information or indictment; but, "[o]rdinarily, the requirement of formal notice is satisfied by the defendant's receipt of the criminal information".  **Commomnwealth v. Hatchin**, 709 A.2d 405, 408 (Pa. Super. Ct. 1998) (holding criminal complaint sufficient to support conviction if meets certain notice requirements); **Commonwealth v. Clark**, 511 A.2d 1382, 1384 (Pa. Super. Ct. 1986) (holding same in guilty plea context).

In addition to the criminal complaint in the record, an information or indictment (neither in the record) may exist which charged Martinez-Paramo under another portion of the statute or may not have specified under which subsection he was charged.  In fact, the Government stated at oral argument that an information does exist.

Therefore, we cannot tell from this record whether the criminal complaint was used when Martinez-Paramo pleaded guilty or if there was another document which stated the charge(s) against him.  Because the record does not reflect the elements to which he pleaded guilty, we cannot determine whether Martinez-Paramo's conviction was a § 2L1.2 COV.  We do not decide, however, whether

an information or indictment is the only document which could properly establish that he pleaded guilty to a particular subsection of the statute. That task remains initially for the district court on resentencing.

Accordingly, we remand to the district court for the Government to supplement the record, if it can, with charging documents, as well as others, which may establish to which elements Martinez-Paramo pleaded guilty. Not only did the Government state at oral argument that an information exists, but also that the plea agreement and plea colloquy are available. Upon the record being supplemented, the district court should address whether the new documents are sufficient to establish that Martinez-Paramo's prior Pennsylvania conviction for terroristic threats is a COV under § 2L1.2. In doing so, the district court must determine whether, if Martinez-Paramo pleaded guilty to § 2706(a)(1) (COV subsection), the term "crime of violence" as used in that subsection satisfies the COV definition in Guidelines § 2L1.2. Again, COV is not defined in the Pennsylvania statute.

We well understand Martinez-Paramo's objecting to the Government's being given a second chance to provide the requisite documentary support for the claimed COV enhancement. As noted, we have, however, remanded in similar situations. In **Turner I**, 305 F.3d at 351, an intervening change in law had repudiated the district court's basis for holding that the conviction at issue was

a COV under Guidelines § 4B1.2; we could not determine whether the offense charged met the definition, because the charging document was not in the record. Therefore, we remanded to the district court to determine whether the count for which the defendant was convicted met the enhancement's requirements. *Id.* Similarly, in *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999), we remanded for the district court to include the state court judgment against defendant in order to determine whether his previous sentence was of the requisite length to qualify as an "aggravated felony" under Guidelines § 2L1.2(b)(1)(A).

Moreover, at sentencing, the Government was at least somewhat justified in believing that it did not need to expand the record after the district court adopted the Government's position that *Bovkun* applied and therefore the entire terroristic threats statute was a COV. Nevertheless, the Government should have already obtained and introduced all of the relevant documents into the record.

In the final analysis, remand is proper. This is especially true given the ongoing development by our court of the application of the COV definitions in the Guidelines. *See, e.g., Calderon-Pena*, 362 F.3d 293 (2004 — granting rehearing en banc); *Vargas-Duran*, 356 F.3d 398 (2004 — en banc); *Charles*, 301 F.3d 309 (2002 — en banc); *United States v. Chapa-Garza*, 262 F.3d 479 (5th Cir. 2001) (denial of rehearing en banc) (Barksdale, J., dissenting).

13

## III.

For the foregoing reasons, Martinez-Paramo's conviction is **AFFIRMED**; his sentence is **VACATED**; and this matter is **REMANDED** for resentencing consistent with this opinion.

*AFFIRMED IN PART; VACATED IN PART; and REMANDED*

*CARL E. STEWART, Circuit Judge, concurring in part, and dissenting in part:*

*I agree with the majority that we should affirm the conviction. I also agree that the appellate record in this case does not allow us to clearly discern what paragraph of 18 PA. CONS. STAT. § 2706 Martinez-Paramo was convicted under, and that § 2706 does not define crime of violence. I acknowledge that United States v. Turner, 305 F.3d 349, 351 (5th Cir. 2002) ("Turner I"), and United States v. Turner, 349 F.3d 833, 836 (5th Cir. 2003) ("Turner II"), allow remands in certain circumstances. I do not agree that either Turner I or Turner II command that we do so here. For the following reasons, I respectfully dissent from the majority's determination to remand the case for the Government to take another bite at the sentencing apple.*

*On appeal, the Government strenuously argues that on remand it should be allowed to buttress its claim that the crime of violence sentence enhancement applies in this case. When the Government initiated its prosecution of Martinez-Paramo, it decided to rely on Bovkun v. Ashcroft, 283 F.3d 166 (3d Cir. 2002), as the primary basis for its sentence enhancement argument. Bovkun addressed a different version of the terroristic threats statute than is at issue here. It held that a crime of violence under 18 U.S.C. §*

15

16(a) is defined as, "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Under U.S.S.G. § 2L1.2, the sentencing guideline at issue here, the force must be against a person, while under § 16(a), it can also be against property. *Bovkun* is clearly distinguishable and therefore it does not control the outcome of this case. I agree with the majority here that the district court erred in holding that *Bovkun* supported the Government's crime of violence sentence enhancement.

I depart from the majority, however, in concluding that a remand for supplementation of the record is proper in this case. Unlike the cases cited by the majority where we have remanded the sentencing enhancement issue to the district court for additional findings, there has been no intervening case law whatsoever between the sentencing hearing and this appeal that would require remand as a matter of law. Though Fifth Circuit case law regarding the application of the crime of violence enhancement provisions remains unsettled, the state of the case law had no bearing on the Government's litigation decisions. I would hold the Government to the measure of proof it offered to the district court and the legal theory it rested upon. I am not persuaded that remanding the case for an unconditional supplementation of the record is warranted here.

*Significantly, the majority's remand places no limits on how large the Government's additional bite at the sentencing apple may be. The majority states "we remand to the district court for the Government to supplement the record, if it can, with charging documents, as well as others, which may establish to which elements Martinez-Paramo pleaded guilty."[1] (Emphasis added.) Such an unlimited invitation is unwarranted by the facts of this case. Moreover, even if we take the Government at its word that the indictment or other charging documents are available to the district court upon remand, the sentencing inquiry does not end. Further parsing of the statute and examination of the pertinent cases in search of a match between the elements of the crime Martinez-Paramo pled guilty to and the crime of violence statute are inevitable. Another appeal of the district court's ultimate determination is equally probable. On this record, I would affirm the conviction and hold that the Government failed to sustain its burden of proof to show that Martinez-Paramo's conviction under § 2706 qualifies as a crime of violence under U.S.S.G. § 2L1.2, comment (B)(ii)(I). Because the district court committed reversible error, I would vacate the sentence and remand for*

---

[1] See majority opinion at 12.

*sentencing consistent with our findings.  Accordingly, I concur in part and dissent in part.*