# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2014

Lyle W. Cayce
Clerk

No. 13-40334
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALEJANDRO CRUZ-CAMPOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1958-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After Defendant-Appellant Jose Alejandro Cruz-Campos pleaded guilty to one count of illegal reentry into the United States, the district court imposed a within-guidelines prison sentence of 46 months. Cruz-Campos contends on appeal that the district court erred in classifying his prior Pennsylvania aggravated assault conviction under Title 18 Pennsylvania Consolidated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40334

Statute Section 2702(a), as a crime of violence (COV) for purposes of U.S.S.G. § 2L1.2.

We review sentences for reasonableness by conducting a two-part analysis. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we ensure that the sentencing court committed no significant procedural error, including improperly calculating the guidelines range. *Gall*, 552 U.S. at 51. If we find no procedural error, we determine if the sentence is substantively reasonable under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court's characterization of a prior offense as a crime of violence is a question of law that we review de novo. *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

We use a categorical approach to classify a prior conviction for sentencing purposes. *Taylor v. United States*, 495 U.S. 575, 602 (1990). Under this framework, "the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

When, as here, a statute has disjunctive subsections, we may apply a modified categorical approach to determine the applicable subsection of conviction. *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012). Under such an approach, we may review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

No. 13-40334

Cruz-Campos claims that the district court erred by using the Pennsylvania criminal complaint to determine the statutory subsection governing his aggravated assault conviction.  He insists that there is nothing in the record to show that the offense named in that charging instrument is the offense for which he was convicted.  We disagree.  In contrast to the defendants in the cases on which he relies, Cruz-Campos does not claim that he was convicted for an offense other than the one listed in the complaint; neither does he contend that a different charging instrument was issued.  *Cf. United States v. Martinez-Paramo*, 380 F.3d 799 (5th Cir. 2004); *United States v. Turner*, 349 F.3d 833 (5th Cir. 2003).  This case more closely approximates *United States v. Torres-Diaz*, 438 F.3d 529 (5th Cir. 2006), than it does *Martinez-Paramo* and *Turner*.

Under *Torres-Diaz,* when a court must ascertain the statutory subsection that governs a prior conviction, it may examine the charging document governing that conviction in conducting its analysis, "absent anything in the record affirmatively casting doubt on, or creating an ambiguity respecting" the conclusion that the charging instrument in the record does in fact govern the prior conviction.  438 F.3d at 535.  There is nothing in the record indicating that the disputed Pennsylvania criminal complaint did not govern Cruz-Campos's prior aggravated assault conviction, so the district court did not err by relying on it.  *See id.*

Neither did the district court err by imposing the disputed COV adjustment.  Examination of the record and the pertinent statute leads to the conclusion that Cruz-Campos's prior conviction was under § 2702(a)(4), as the allegations in the criminal complaint track that subsection.  *See United States v. Esparza-Perez*, 681 F.3d 228, 230 (5th Cir. 2012).  We first look to the Model Penal Code's (MPC's) definition of aggravated assault when determining

3

No. 13-40334

whether a given state conviction for that offense amounts to a COV. *See id.* at 231. Section 2702(a)(4) aligns almost perfectly with MPC § 211.1(2)(b), so we conclude that this subsection sets forth a COV. *See id.*; *see also United States v. Martinez-Flores*, 720 F.3d 293, 296 (5th Cir. 2013). It follows that the district court did not err when it imposed the disputed adjustment.

AFFIRMED.