# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51165

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GERARDO TAVAREZ-GRADO, also known as Albert Rodriguez, also known as Reid Rodriguez, also known as Reid Rodruguez, also known as Pedro Tavarez, also known as Albert Tavarez, also known as Reid Rodriguez-Veroza, also known as George Rodriguez, also known as Pedro Rodriguez, also known as George Arebalo, also known as George Arevalo, also known as Gerardo Tavarez,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-229-1

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant Gerardo Tavarez-Grado, who pleaded guilty to illegal reentry after deportation, appeals his sentence on two grounds: (1) that the district court's application of a sixteen-level "crime of violence" sentencing

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 14-51165

enhancement under U.S.S.G. § 2L1.2 was reversible error; and (2) that his sentence is substantively unreasonable "based on the facts of his case and as measured by the sentencing goals of 18 U.S.C. § 3553(a)." Because Appellant's prior conviction for felony menacing under Colorado law constitutes a "crime of violence" under § 2L1.2, and because Appellant cannot show that his sentence is substantively unreasonable under plain error review, we AFFIRM the district court.

## I.

Appellant Tavarez-Grado pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. Appellant's presentence report recommended a guideline range of 70–87 months imprisonment. That calculation included a determination that Tavarez-Grado's prior felony menacing conviction under Colorado law was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which resulted in a sixteen-level increase to Tavarez-Grado's offense level. Tavarez-Grado's counsel objected to the sixteen-level increase, arguing that the menacing conviction did not qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] The district court ultimately sentenced Tavarez-Grado to 57 months imprisonment. Tavarez-Grado timely appealed his sentence.

## II.

Tavarez-Grado first argues that Colorado's felony menacing crime does not constitute a "crime of violence" under § 2L1.2. The issue was preserved, and we review *de novo* the district court's characterization of a defendant's

---

[1] Appellant's counsel objected to the sixteen-level increase under § 2L1.2 both in written objections to the presentence report and orally at the sentencing hearing. At the sentencing hearing, the district court ruled that Appellant's prior conviction for felony menacing under Colorado law was a crime of violence under § 2L1.2.

No. 14-51165

prior conviction as a crime of violence for sentence-enhancement purposes. *United States v. Garcia-Figueroa*, 753 F.3d 179, 184 (5th Cir. 2014).

Section 2L1.2 of the United States Sentencing Guidelines states that if a "defendant previously was deported, or unlawfully remained in the United States, after—(A) a conviction for a felony that is . . . (ii) a crime of violence . . . ., increase by 16 levels if the conviction receives criminal history points under Chapter Four . . . ." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The section's commentary defines a "crime of violence" as either certain enumerated crimes[2] or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

At the time of Tavarez-Grado's conviction,[3] a person committed the crime of menacing under Colorado law "if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury." C.R.S. § 18-3-206 (1999). The statute increased the crime of menacing from a misdemeanor to a felony if the crime was committed "by the use of a deadly weapon." C.R.S. § 18-3-206 (1999).

There are two prongs under which a court may analyze whether a particular offense constitutes a crime of violence under § 2L1.2—the

---

[2] The enumerated offenses are:

any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, [and] burglary of a dwelling.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

[3] *See United States v. Hernandez-Rodriguez*, 788 F.3d 193, 196 (applying the version of the statute of conviction under which the defendant was convicted). Appellant pleaded guilty to felony menacing in February 1999.

"equivalent" prong and the "intentional use of force as an element" prong. *See United States v. Hernandez-Rodriguez*, 788 F.3d 193, 195 (5th Cir. 2015). The Government argues that Colorado's felony menacing crime is both (1) the "equivalent" of one of the enumerated crimes of violence under § 2L1.2—specifically, aggravated assault, and (2) a non-enumerated crime of violence that has as an element the intentional use of force. Because our analysis under the second prong is conclusive, we need not address whether felony menacing is the "equivalent" of one of the enumerated crimes of violence under § 2L1.2.

To determine whether a non-enumerated offense is a crime of violence under the "intentional use of force as an element" prong of § 2L1.2, a "categorical approach" is applied. *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006). Under the categorical approach, the court may "consider only the statutory definition of the offense charged, rather than the defendant's actual conduct underlying the offense, to determine whether the offense contains an element involving the use of force." *Id.* If the statute of conviction has "disjunctive subsections," the court "may apply a modified categorical approach to ascertain under which statutory subsection the defendant was convicted." *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014). Under the modified categorical approach, the court may consider "'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Id.*[4] "If the statute of conviction cannot be narrowed,"

---

[4] *See Taylor v. United States*, 495 U.S. 575, 602 (1990) (holding that the categorical approach permits a court to "go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements" of a subsection of an offense); *United States v. Martinez-Paramo*, 380 F.3d 799, 803 (5th Cir. 2004) (extending *Taylor* such that when a defendant pleads guilty to an offense, the court may review the indictment "to determine the elements of the statute to which the defendant pleaded guilty").

No. 14-51165

the court must determine "'whether the least culpable act constituting a violation of that statute'" is a crime of violence under § 2L1.2. *Id.*

Colorado's crime of menacing at the time of Tavarez-Grado's conviction was defined as follows:

> A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.

C.R.S. § 18-3-206 (1999). Tavarez-Grado pleaded guilty to felony menacing, which necessarily includes as an element "use of a deadly weapon."[5]

We have already determined that "use" of a deadly weapon constitutes intentional use of physical force in the § 2L1.2 context. *See Velasco*, 465 F.3d at 640–41. In *Velasco*, an opinion related to an Illinois criminal statute, we held that because the statute required the "use" of a deadly weapon (as opposed to mere possession), the crime had as an element the requisite intentional use of physical force to constitute a crime of violence under § 2L1.2. *Id.* at 640 ("In order to 'use' a weapon to cause bodily harm, one must, at the very least, threaten the use of physical force."). Our holding in *Velasco* is conclusive here. Because Appellant's crime of conviction required the "use of a deadly weapon,"

---

[5] The charging instrument to which Tavarez-Grado pleaded guilty alleged that he "by threat and physical action and by use of a deadly weapon, to wit: motor vehicle, did feloniously, unlawfully and knowingly place and attempt to place [the victim] in fear of imminent serious bodily injury. As explained above, the court may consider the charging instrument to which the defendant pleaded guilty to "determine the elements of the statute to which the defendant pleaded guilty." *United States v. Martinez-Paramo*, 380 F.3d 799 (5th Cir. 2004); *see United States v. Gomez*, 547 F.3d 242, 245 n.3 (5th Cir. 2003) ("Despite the general rule that a prior crime is defined categorically by the statute of conviction, a crime's definition may be narrowed based, e.g., on the specific facts contained in the charging papers."). Even without reviewing the charging instrument, it is clear that any felony menacing conviction under the 1999 version of the statute must have had as an element the use of a deadly weapon, as use of a deadly weapon was the only element that made a felony menacing conviction a felony and not a misdemeanor. *See* C.R.S. § 18-3-206 (1999).

No. 14-51165

the crime had as an element the intentional use of physical force and is thus a crime of violence under § 2L1.2.  465 F.3d at 640–41.

## III.

Appellant argues that his sentence is substantively unreasonable because the factors in 18 U.S.C. § 3553(a) should have further mitigated his sentence.  Appellant concedes that review of this issue is for plain error because he did not preserve the issue below.  *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).  There is no evidence of plain error—Appellant merely disagrees with the court's assessment of the sentencing factors, and *Gall* mandates deference to the sentencing court's assessment of the § 3553(a) factors, even under the more appellant-favorable abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006).  Moreover, because Appellant's sentence was within "a properly calculated Guideline range,"[6] his sentence is "afforded a rebuttable presumption of reasonableness."  *United States v. Smith*, 440 F.3d 704, 706–07 (5th Cir. 2006); *see United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009) ("[W]e will presume a sentence within the . . . Guidelines to be reasonable, and the defendant must rebut that presumption

---

[6] A sentence resulting from an "upward or downward departure as allowed by the Guidelines" is still a "'Guideline sentence'" afforded a rebuttable presumption of reasonableness. *United States v. Smith*, 440 F.3d 704, 706–07 (5th Cir. 2006).  At Appellant's sentencing, the district court granted what it called a "2 level downward variance for cultural assimilation," but this was clearly a Guidelines departure because the adjustment was based upon a Guidelines departure reason—cultural assimilation; the district court stated this departure reason and then proceeded to move down the table two levels and announce a new range under the Guidelines: 57 to 71 months imprisonment.  The final judgment statement of reasons likewise uses the Guidelines departure section.  As such, Appellant's sentence was a sentence resulting from a downward departure under the Guidelines and is therefore presumed reasonable. *Id.*

No. 14-51165

to demonstrate substantive unreasonableness.").  Appellant has failed to rebut that presumption under plain error review.

## IV.

For the above-stated reasons, we AFFIRM the judgment of the district court.