CLD-071                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3021
_____

JONATHAN ABDIAS PENA CHARLES,
AKA Jonathan Pena Williams

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A060-509-153)
Immigration Judge:  Alice Song Hartye
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 27, 2022
Before:  AMBRO, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 4, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jonathan Abdias Pena Charles petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's conclusion that he was removable as charged and ineligible for cancellation of removal. On the Government's motion, we will summarily deny the petition for review.

Pena Charles is a citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident in 2009. In November 2013, Pena Charles committed offenses that resulted in his conviction in Pennsylvania for terroristic threats and intent to terrorize another. See 18 Pa. C.S.A. § 2706(a)(1). In March 2021, the Government charged him with removability as a noncitizen convicted of a crime involving moral turpitude. See 8 U.S.C. § 1227(a)(2)(A)(i).

Appearing before an Immigration Judge, Pena Charles challenged the charge of removability. The IJ rejected that argument, noting that this Court had specifically concluded that a conviction under § 2706(a)(1) categorically is a "crime involving moral turpitude." Javier v. Att'y Gen., 826 F.3d 127, 131 (3d Cir. 2016). Pena Charles also sought to apply for cancellation of removal under 8 U.S.C. § 1229b(a). The IJ denied that request, holding that Pena Charles was not statutorily eligible because he had not accrued seven years of continuous residence. In particular, the IJ concluded that Charles Pena's commission of the offense that rendered him removable triggered the stop-time rule. See 8 U.S.C. § 1229b(d)(1) (providing that the seven-year period terminates upon commission of certain criminal conduct). The Board of Immigration Appeals affirmed without opinion.

Pena Charles filed timely a pro se petition for review (Doc. 1), and two motions

2

for a stay of removal.  (Docs. 2 & 7.)  Thereafter, Pena Charles filed his pro se brief.

(Doc. 15.)  The Government opposes the stay motions, (Doc. 6 & 8), and has filed a

motion to summarily deny the petition for review.  (Doc. 16.)

We have jurisdiction under 8 U.S.C. § 1252.  We review questions of law de novo,

see Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008), and we may take summary

action if Pena Charles' petition does not present a substantial question, see 3d Cir. I.O.P.

10.6.

Pena Charles argues that his terroristic threats conviction under § 2706(a)(1) does

not render him removable because it does not categorically involve moral turpitude.

Pet'r's Br., at 6-9.  As the IJ noted, we rejected a similar argument in Javier.  826 F.3d at

131.  In that case, the petitioner claimed that his Pennsylvania conviction under

§ 2706(a)(1) for making terroristic threats did not qualify as a crime involving moral

turpitude because the statute encompasses the non-turpitudinous crime of threatening to

commit a simple assault.  Id.  We rejected that argument, noting that the "focus in

determining whether § 2706(a)(1) is a crime involving moral turpitude is not the

threatened 'crime of violence,' but the communication of the threat and its requisite

scienter."  Id.  We explained that "a threat communicated with a specific intent to

terrorize is an act 'accompanied by a vicious motive or a corrupt mind' so as to be

categorically morally turpitudinous."  Id. at 132.  Because section 2706(a)(1)

"unambiguously requires that the threat be communicated with a specific 'intent to

terrorize[,]'" we held that the petitioner's conviction was categorically morally

turpitudinous.  Id.

3

Notably, Pena Charles does not attempt to distinguish <u>Javier</u>. He does, however, note that we held in <u>Larios v. Att'y Gen.</u>, 978 F.3d 62, 71-72 & n.4 (3d Cir. 2020), that New Jersey's terroristic threat statute is not a crime involving moral turpitude. <u>See</u> Resp. to Mot. for Summ. Disposition, at 2-3. But the statute of conviction in that case – N.J.S.A. 2C:12-3(a) – is distinguishable from § 2706(a)(1) because it criminalized "reckless threats," without requiring "a specific intent to terrorize." <u>Larios v. Att'y Gen.</u>, 978 F.3d 62, 71-72 & n.4 (3d Cir. 2020). He further alleges that "Pennsylvania courts apply § 2706 in an indivisible manner that includes a reckless *mens rea*." Stay Mot., at 6. Pena Charles' argument, however, relies on the pre-1999 version of the Pennsylvania statute, which, like the New Jersey terroristic threats offense, included threats made in reckless disregard of the risk of causing terror. <u>See</u> <u>United States v. Martinez-Paramo</u>, 380 F.3d 799, 804 (5th Cir. 2004) (noting that the prior version of Pennsylvania's terroristic threats statute "did not break the offense into separate subsections"). By contrast, in the version of the statute pursuant to which Pena Charles was convicted, § 2706(a)(1) does not contain a mens rea of recklessness. Instead, recklessness is encompassed in § 2706(a)(3). Accordingly, the IJ properly held that Pena Charles' offense was categorically a crime involving moral turpitude.

Pena Charles did not challenge the denial of cancellation of removal on appeal to the Board (Administrative Record, 4-9), in his merits brief, or in opposition to the Government's motion for summary disposition. Accordingly, we cannot review that determination. <u>See</u> 8 U.S.C. § 1252(d)(1); <u>Castro v. Att'y Gen.</u>, 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives

4

us of jurisdiction to consider that issue."); M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief); Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010).

For the above reasons, and because no substantial question is presented in this case, we grant the Government's motion for summary disposition and will deny the petition for review.[1] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In light of this disposition, Pena Charles' motions for a stay of removal are denied as moot and the temporary administrative stay of removal granted on November 1, 2021, is vacated. See Catney v. INS, 178 F.3d 190, 196 n.9 (1999).

---

[1] The Government also requested that we accept its motion in lieu of filing its brief. We grant that portion of the motion.