

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2002

# Bovkun v. US Atty Gen

Precedential or Non-Precedential:

Docket 1-2180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bovkun v. US Atty Gen" (2002). *2002 Decisions*. Paper 161.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/161

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed March 8, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2180

MIKHAIL BOVKUN,
        Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE
UNITED STATES,
        Respondent

ON PETITION FOR REVIEW
OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS
UNITED STATES IMMIGRATION AND NATURALIZATION
SERVICE

Argued: January 17, 2002

Before: ALITO and ROTH, Circuit Judges, and
SCHWARZER,* Senior District Judge

(Filed: March 8, 2002)

_____

* The Honorable William W Schwarzer, Senior District Judge for the
        Northern District of California, sitting by designation.

Tatiana S. Aristova, Esq. (Argued)
1760 Market St., Suite 1100
Philadelphia, PA 19103

Counsel for Petitioner

David V. Bernal
Assistant Director
Nelda C. Reyna (Argued)
Trial Attorney
Lyle D. Jentzer
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20004

Counsel for Respondent

OPINION OF THE COURT

ALITO, Circuit Judge:

This is a petition for review of a final administrative order of removal issued by the Immigration and Naturalization Service under Section 238(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. S 1228(b). The respondent contends that we lack jurisdiction to entertain this petition by virtue of INA Section 242(a)(2)(C), 8 U.S.C. S 1252(a)(2)(C), which deprives us of jurisdiction to review a final administrative order of removal if the petitioner is "an alien who is removable by reason of having committed," inter alia, "a criminal offense covered in[8 U.S.C. S 1227(a)(2)(A)(iii)]." We have held, however, that in a case such as this we may properly review the threshold question whether a petitioner has been convicted of an offense that deprives us of jurisdiction. See Drakes v. Zimski, 240 F.3d 246 (3d Cir. 2001). We thus examine that question and hold that the petitioner has been convicted of such an offense.

I.

The petitioner, a citizen of Ukraine, was paroled into the United States in 1992 but was never admitted for lawful permanent residence. In February 1998, he was charged by criminal complaint in the Court of Common Pleas of Erie County Pennsylvania with the crime of making terroristic threats, in violation of 18 Pa. Cons. Stat. S 2706 (1998).2 The complaint charged that the petitioner had threatened to kidnap and kill the child of a police officer. It stated that this threat was made "in an attempt to stop [the officer] from taking official action in his capacity as a police officer, to wit: arrest the defendant on outstanding warrants." App. at 56. In October 1998, the petitioner pled guilty to this offense and was sentenced to imprisonment for 11 to 23 months.

In October 2000, the Immigration and Naturalization Service instituted expedited removal proceedings against the petitioner under INA S 238(b), 8 U.S.C.S 1228(b), by serving him with a Notice of Intent to Issue Final Administrative Removal Order ("the Notice"). App. at 7. The Notice recited the following:

> You were, on November 22, 1999, convicted in the Court of Common Pleas for Erie County, Pennsylvania for the offense of Terroristic Threats in violation Section 2706 of the Pennsylvania Criminal Code for which the term of imprisonment imposed was 11 and one-half months to 23 months.

App. at 7. Under the caption "Charge," the Notice stated: "You are deportable under section 237(a)(2)(A)(iii) of the [INA], as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43) (G) of the Act, 8 U.S.C. S 1101(a)(43)" (emphasis added). App. at 7. Thereafter, a final administrative removal order was issued under INA S 238(b). App. at 1. In this order, the acting district director found, among other things, that the petitioner had "a final conviction of an aggravated felony as defined in section 101(a)(43)(G) of the[INA], 8 U.S.C.

_____

2. The complaint also charged a violation of 18 Pa. Cons. Stat. S 2906(a)(1), criminal coercion.

1101(a)(43)" (emphasis added). App. at 1. This petition followed.

II.

A. Jurisdiction To Review A Final Administrative Order Of Removal

Under INA Section 242(a)(2)(C), 8 U.S.C. S 1252(a)(2)(C), we lack jurisdiction to review petitioner's final administrative order of removal if he is "an alien who is removable by reason of having committed," inter alia, "a criminal offense covered in [8 U.S.C. S 1227(a)(2)(A)(iii)]." This latter provision states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. S 1227(a)(2)(A)(iii). The term "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at least one year."3 8 U.S.C.S 1101 (a)(43)(F). Under 18 U.S.C. S 16(a), an offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Thus, if the petitioner in this case has been convicted of an offense that has such an element, we lack jurisdiction to entertain his petition for review.

B. Erroneous Citation In Final Administrative Order Is Not Prejudicial

The petitioner first argues that the final administrative order of removal is flawed because it found that the petitioner was convicted of "an aggravated felony as defined in section 101(a)(43)(G)" (hereinafter INA "subsection (G)"). Subsection (G) states that the term "aggravated felony" encompasses "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [sic] at least one year." 8 U.S.C. 1101(a)(43)(G). Since the crime of making terroristic threats is obviously not "a theft offense", the petitioner contends

_____

3. There is a "scrivener's error" in this provision. See United States v. Graham, 169 F.3d 787, 790 (3d Cir. 1999).

that the final administrative order of removal rests upon a plainly incorrect finding.

The respondent contends that the citation to subsection (G) was a clerical error and that it is apparent that the order meant to refer to INA S 101 (a)(43)(F), which provides that the term "aggravated felony" includes"a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at least one year." 8 U.S.C. 1101(a)(43)(F). The respondent points out that the Notice recited that removal was being sought based on the petitioner's conviction for making terroristic threats, not a theft offense, and that the petitioner was not prejudiced in any way by the clerical error.

We agree with the respondent that the erroneous citation in the order of removal cannot surmount the jurisdictional restriction in INA S 242(a)(2)(C), 8 U.S.C.S 1252(a)(2)(C). The petitioner does not dispute the fact that he was convicted for the offense of making terroristic threats; he does not allege that the erroneous citation confused him regarding the basis on which deportation was being sought or that he was prejudiced by the citation in any other way; and he has not cited any authority for the proposition that an error of this type is sufficient to permit us to entertain his petition.

Under these circumstances, we hold that the obviously erroneous citation is insufficient to circumvent the jurisdictional restriction in INA S 242(a)(2)(C), 8 U.S.C. S 1252(a)(2)(C). Even in a criminal indictment-- where formality of pleading is at its height -- an error in the citation of the charged offense "shall not be ground for dismissal of the indictment . . . or for reversal of a conviction if the error . . . did not mislead the defendant to the defendant's prejudice." Fed. R. Crim. Proc. 7(c)(3). It would be anomalous to apply a stricter rule in this context. We thus reject the petitioner's argument regarding the citation and move on to the chief issue in this proceeding, namely, whether the petitioner's conviction for making terroristic threats qualifies as a crime of violence.

5

C. Conviction For Making Terroristic Threats Meets Definition Of "Crime Of Violence"

As noted, the term "crime of violence" is defined in 18 U.S.C. S 16(a) to mean, among other things,"an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." At the time of the petitioner's conviction,4 the crime of making terroristic threats was defined as follows:

> A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

18 Pa. Cons. Stat. S 2706 (1998).

The petitioner argues that his conviction for terroristic threats does not qualify as a "crime of violence" because S 2706 did not necessarily require "the use, attempted use, or threatened use of physical force." Instead, the petitioner contends, "[m]ere `public inconvenience,' or `reckless disregard' of `causing such inconvenience' would be sufficient." Pet. Br. at 9. The petitioner's reading of S 2706 confuses its actus reus and its mens rea.

The actus reus of this offense is a "threat[ ] to commit a crime of violence," and the mens rea is either (1) the intent to terrorize another or reckless disregard of causing such terror or (2) the intent to cause, or reckless disregard of the risk of causing, either (a) the evacuation of certain facilities (a building, place of assembly, or facility of public transportation) or (b) some other serious public inconvenience. Because the actus reus must be shown in every case, Section 2706 always demands proof of a "threat[ ] to commit a crime of violence." The Pennsylvania

_____

4. As a result of amendment in 1998, the language noted in the text has been designated as 18 Pa. Cons. Stat. S 2706(a) and has been subdivided into subsections (1)-(3). It does not appear, however, that the meaning of the provision was altered.

Legislature has not defined the meaning of the term"crime of violence" as it is used in Section 2706, and therefore the term is to be "construed according to the fair import of [its] terms." 18 Pa. Cons. Stat. S 105; see also Commonwealth v. Ferrer, 423 A.2d 423, 424 (Super. Ct. 1980). We have found no state case holding that the term, as used in Section 2706, includes any offense that does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. S 16(a). We thus hold that the petitioner's conviction for making terroristic threats meets the definition in 18 U.S.C. S 16(a).5

D. "Term Of Imprisonment" Is At Least One Year

The petitioner argues that his offense does not qualify as one "for which the term of imprisonment [sic] at least one year" because his minimum sentence was 11 months. We disagree.

In United States v. Graham, 169 F.3d 787 (3d Cir. 1999), we noted that INA S 101(a)(43)(G), 8 U.S.C.S 1101(a)(43)(G), which also refers to an offense "for which the term of imprisonment [sic] at least one year,""is obviously missing a crucial verb." 163 F.3d at 789. We went on to interpret this phrase to refer to the term of imprisonment that is actually imposed and not to the statutory minimum, as the defendant in Graham suggested. 169 F.3d at 789-90. The provision at issue in the case now before us, INA S 101(a)(43)(F), 8 U.S.C. S 1101(a)(43)(F), contains the same language and the same scrivener's error as the provision in Graham, and thus Graham's analysis governs here. We must therefore determine what is the term of imprisonment actually imposed when the sentence specifies a minimum and maximum sentence.

In doing this, we believe that we should attempt to ensure that a sentence with both a minimum and a

_____

5. Section 2706 derives from the Model Penal Code, which describes it as one of "[t]he offenses . . . deal[ing] with bodily injury short of homicide
and with certain other situations where such injury is attempted, threatened or risked." Model Penal Code Pt. II, Art. 211, Explanatory note for sections 211-211.3 (1985).

maximum term is treated comparably with a functionally equivalent sentence with only a maximum term. Taking this approach, we believe that the petitioner's Pennsylvania sentence is comparable to a simple sentence of 23 months. "Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled." Rogers v. Pennsylvania Bd. of Probation & Parole, 724 A.2d 319, 321 n. 2 (Pa. 1999) (emphasis in original deleted); see also 61 Pa. Cons. Stat. S 331.21. Accordingly, petitioner's sentence of 11 to 23 months meant that he had to serve at least 11 months and would not serve more than 23 months. This sentence was functionally the same as a sentence of 23 months, with parole eligibility beginning after 11 months. By contrast, petitioner's sentence was not at all comparable to a simple sentence of 11 months. Under a simple sentence of 11 months, he would have been guaranteed release from prison at the expiration of 11 months, and upon release he would not have been subject to any of the restrictions that commonly accompany parole. We therefore treat the petitioner's sentence for present purposes as if it were a simple sentence of 23 months, and thus the sentence actually imposed was obviously for more than one year.

E. Misdemeanor Under State Law May Constitute An Aggravated Felony

The petitioner's final argument is that his conviction for making terroristic threats was not an "aggravated felony" because the offense is graded as a misdemeanor under state law.6 This argument is foreclosed by our holding in

_____

6. In making this argument, the petitioner relies on the Board of Immigration Appeals' decision in In re Robin Juraine Crammond, 23 I & N Dec. 9 (BIA Mar. 22, 2001) ("Crammond I"), in which the BIA held that under INA S 101(a)(43)(A), 8 U.S.C. S 1101(a)(43)(A), an offense must be a felony under state law to qualify as an "aggravated felony." We note, however, that the BIA later vacated Crammond I . See In re Robin Juraine Crammond, 23 I & N Dec. 179 (BIA Oct. 16, 2001). Moreover, Crammond I concerned the interpretation of a provision, INA S 101(a)(43)(A), 8 U.S.C. S 1101(a)(43)(A), that lacks the requirement that a sentence of at least one year be imposed. The effect of Crammond I was to prevent crimes that were regarded by the jurisdiction of conviction as relatively minor from being treated as aggravated felonies for immigration purposes. Under the provision at issue in the present case, the requirement that a sentence of at least one year be imposed serves this purpose.

8

Graham that a conviction for a state misdemeanor may constitute an "aggravated felony" under INA Section 101(a)(43)(G), 8 U.S.C. S 1101(a)(43)(G), if a term of imprisonment of at least one year is imposed. As previously noted, the critical language in the statutory provision that is relevant here, INA S 101(a)(43)(F), 8 U.S.C. S 1101(a)(43)(F), is identical to the language of the provision construed in Graham, and consequently Graham is controlling in this case.

III.

For the reasons explained above, we hold that the petitioner is an alien who is removable by reason of having committed a crime of violence, and we therefore lack jurisdiction to entertain his petition. Thus, his petition for review is dismissed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit