

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# Onyejiaka v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3936

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Onyejiaka v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3936
_____

NELSON C. ONYEJIAKA,
                                        Petitioner,
                    vs.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A27 450 081)
Immigration Judge:  Honorable Grace A. Sease
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2006
Before: FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES
Filed   May 12, 2006

_____

OPINION
_____

PER CURIAM.

        Nelson C. Onyejiaka, a native and citizen of Nigeria, petitions for review of

a final order of the Board of Immigration Appeals ("BIA").  For the following reasons,

we will deny the petition for review.

1

Onyejiaka entered the United States as a student in 1983. His status was adjusted to legal permanent resident in 1985. Onyejiaka enlisted in the United States Army in 1986, and was honorably discharged in 1987 based on service-related injuries. In 1990, he was convicted in federal court of importing heroin into the United States. See 18 U.S.C. § 952(a). However, he was granted a waiver of deportation for that conviction pursuant to Immigration and Nationality Act ("INA") § 212(c) [8 U.S.C. § 1182(c)]. In August 2004, he was convicted in Pennsylvania state court of forgery, theft by deception, and attempted forgery. See 18 Pa.C.S.A. §§ 4101(a)(1), 3922(a)(1), 901(a). Onyejiaka was sentenced to a term of imprisonment of 6 to 12 months for the forgery conviction.

The Bureau of Immigration and Customs Enforcement charged Onyejiaka with being subject to removal from the United States for having been convicted of an aggravated felony as defined in INA §§ 101(a)(43)(R) [8 U.S.C. § 1101(a)(43)(R)] (an offense relating to, inter alia, forgery, for which the term of imprisonment is at least one year), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of two crimes involving moral turpitude, see INA § 237(a)(2)(A)(ii) [8 U.S.C. § 1227(a)(2)(A)(ii)]. Onyejiaka appeared before an Immigration Judge ("IJ") and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). He alleged that if removed to Nigeria he would lose his Veterans Administration ("VA") medical benefits that he needs to treat his service-related disability. The IJ also considered a claim that Onyejiaka would be subject to torture in Nigeria pursuant to Decree 33, a provision by which the Nigerian government may take

2

into custody an individual who has been convicted of a drug offense.

The IJ concluded that Onyejiaka was removable as charged. The IJ also found that Onyejiaka's conviction for importation of heroin was a particularly serious crime that rendered him statutorily ineligible for asylum, withholding of removal pursuant to INA § 241(b)(3)(A), and withholding of removal pursuant to the CAT. See INA §§ 208(b)(2)(A)(ii) [8 U.S.C. § 1158(b)(2)(A)(ii)]; 241(b)(3)(B)(ii) [8 U.S.C. § 1231(b)(3)(B)(ii)]; 8 C.F.R. § 208.16(d)(2). Finally, the IJ denied Onyejiaka's request for deferral of removal under the CAT, see C.F.R. § 208.17(a), because neither the potential loss of VA medical benefits nor the possibility of being prosecuted under Decree 33 amounted to a likelihood of torture.[1] Onyejiaka appealed. On July 28, 2005, the BIA "adopt[ed] and affirm[ed]" the IJ's decision, noting its agreement on essentially all points. Onyejiaka timely filed a petition for review in this Court.[2] Contrary to the government's contention, Onyejiaka raises questions of law, which we have jurisdiction to review. See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]; Singh v. Gonzales, 432

---

[1] Because Onyejiaka did not make any arguments in his opening brief concerning the denial of asylum, withholding of removal, and protection under the CAT, he has waived these issues. See, e.g., Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005).

[2] While his petition for review was pending, Onyejiaka filed a motion to reconsider with the BIA. The BIA denied the motion on September 13, 2005, noting that Onyejiaka had raised "no new legal argument or an aspect of the case which was overlooked." Because Onyejiaka did not petition for review of this order, we are without jurisdiction to review it. See Stone v. INS, 514 U.S. 386, 406 (1995).

3

F.3d 533, 537 (3d Cir. 2006).

Onyejiaka claims that his conviction for forgery is not an aggravated felony for two reasons. First, he alleges that his sentence of six to twelve months does not satisfy the one-year imprisonment requirement of INA § 101(a)(43)(R). Importantly, however, this type of indeterminate sentence is treated as functionally equivalent to a sentence with only a maximum term. See Bovkun v. Ashcroft, 283 F.3d 166, 170-71 (3d Cir. 2002). In addition, Onyejiaka's maximum term of twelve months qualifies as a sentence of "at least one year." See Drakes v. Zimski, 240 F.3d 246, 251 (3d Cir. 2001); see also United States v. Christopher, 239 F.3d 1191, 1193 (11th Cir. 2001).

Second, Onyejiaka contends that his Pennsylvania forgery conviction does not constitute "an offense relating to . . . forgery" because the criminal statute of conviction, 18 Pa.C.S.A. § 4101(a)(1), punishes conduct that falls outside the INA's definition.[3] Section 4101(a)(1) provides that "[a] person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor . . . alters any writing of another without his authority." Although the statute encompasses an intent to injure, which arguably is beyond the traditional definition of forgery, we have held that "Congress evidenced an intent to define forgery in its broadest sense." Drakes, 240 F.3d at 249. Notably, in

---

[3] Because we employ a "formal categorical approach" in these circumstances, see Taylor v. United States, 495 U.S. 575, 600 (1990), we will not consider the facts underlying Onyejiaka's conviction, as he urges.

4

<u>Drakes</u> we concluded that a conviction under a Delaware forgery statute which also included an intent to injure qualified as an aggravated felony under § 101(a)(43)(R).  <u>Id.</u> at 248-50.  Thus, under these circumstances, we conclude that Onyejiaka was properly found removable for having been convicted of an aggravated felony as defined in § 101(a)(43)(R).[4]  As such, he is ineligible for cancellation of removal, a form of relief available only to an alien who, among other things, "has not been convicted of any aggravated felony."  INA § 240A(a) [8 U.S.C. § 1229b(a)].

Onyejiaka also alleges that he is a national of the United States because he served in the military.  Because Onyejiaka never presented his nationality claim to the BIA, the claim is deemed unexhausted.  <u>See</u> <u>Popal v. Gonzales</u>, 416 F.3d 249, 252 (3d Cir. 2005). Absent exhaustion of available administrative remedies, we are without jurisdiction to consider the claim.  <u>See</u> INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; <u>Popal</u>, 416 F.3d at 252-53.  Even if we were to exercise jurisdiction over Onyejiaka's unexhausted nationality claim, <u>see</u> <u>Theagene v. Gonzales</u>, 411 F.3d 1107, 1111 (9th Cir. 2005), we would reject it.  A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States."  INA § 101(a)(22) [8 U.S.C. §1101(a)(22)].  For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'"

---

  [4] We need not, therefore, address Onyejiaka's alternative contention that he is not removable pursuant to INA § 237(a)(2)(A)(ii) because his 1990 conviction for importing heroin was waived pursuant to INA § 212(c), and because neither of his convictions involved moral turpitude.

5

<u>Salim v. Ashcroft</u>, 350 F.3d 307, 310 (3d Cir. 2003). Onyejiaka's prior military service, without more, does not render him a citizen or national of the United States. <u>See</u> <u>Marquez- Almanzar v. INS</u>, 418 F.3d 210, 216-18 (2d Cir. 2005).

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny Onyejiaka's petition for review.