

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2009

# Duran v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Duran v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1542.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1542

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2575
_____

MARCO ANTONIO DURAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A47-734-754)
Immigration Judge: Honorable Walter Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2009
Before: SLOVITER, STAPLETON AND COWEN, Circuit Judges

(Opinion filed: April 15, 2009)

_____

OPINION
_____

PER CURIAM

Marco Antonio Duran petitions for review of a final order of the Board of

Immigration Appeals ("BIA"). For the following reasons, we will deny the petition for

review.

Duran, a native and citizen of Mexico, born in August 1991, was admitted to the United States as a lawful permanent resident in November 2000. In September 2007, he was prosecuted as an adult and convicted in Chester County, Pennsylvania, of burglary and robbery in violation of Title 18 §§ 3502(a) and 3701(a)(1)(iv) of the Pennsylvania Criminal Code. Duran was sentenced to concurrent terms of imprisonment of 11½ to 23 months.

The Bureau of Immigration and Customs Enforcement charged Duran with being subject to removal from the United States for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(G) [8 U.S.C. § 1101(a)(43)(G)] (making an aggravated felony a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year). See INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]. Duran appeared before an Immigration Judge ("IJ") and sought cancellation of removal. He denied his conviction and his removability.

The IJ found that Duran was ineligible for cancellation of removal and ordered removal because his burglary conviction constituted an aggravated felony under the INA. Duran appealed, arguing that his indeterminate sentence was not a felony under federal law because he was actually sentenced to less than a year in prison. On April 30, 2008, the BIA dismissed the appeal, concluding that Duran's indeterminate sentence of 11½ to 23 months in prison was properly treated as a sentence for a maximum term of 23 months,

2

which constituted a felony for immigration purposes. The BIA rejected Duran's argument that he was not removable because he had served less than a year in prison, holding that the aggravated felony statute is based on the sentence imposed, not the sentence that is actually served. Duran timely filed a petition for review in this Court. Duran raises questions of law, which we have jurisdiction to review. See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]; Singh v. Gonzales, 432 F.3d 533, 537 (3d Cir. 2006).

Duran contends that he is not removable for having been convicted of an aggravated felony because he has not yet served one year in prison. Duran also argues that his indeterminate sentence of 11 ½ months renders his burglary conviction a misdemeanor under federal law. The arguments are meritless. As the BIA properly held, the statute defining theft offenses as aggravated felonies, INA §§ 101(a)(43)(G) [8 U.S.C. § 1101(a)(43)(G)], refers to the sentence imposed, not the time actually served, in determining whether a criminal conviction is an aggravated felony under the INA. See U.S. v. Maldonado-Ramirez, 216 F.3d 940, 943-944 (11th Cir. 2000) (concluding that the length of the sentence imposed determines whether crimes of theft or violence constitute aggravated felonies under the INA). The BIA also properly held that, for immigration purposes, the type of indeterminate sentence that Duran received is treated as functionally equivalent to a sentence with only a maximum term. "Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a

3

prisoner may not be paroled. <u>Rogers v. Pa. Bd. of Probation & Parole</u>, 555 PA. 285, 289 n. 2, 724 A.2d 319, 321 n. 2 (Pa. 1999). The maximum range, therefore, controls whether the term of imprisonment is at least one year. <u>See</u> <u>Bovkun v. Ashcroft</u>, 283 F.3d 166, 170-71 (3d Cir. 2002). Under <u>Bovkun</u>, Duran's maximum term of twenty-three months is sufficient to make a felony under INA §§ 101(a)(43)(G) [8 U.S.C. § 1101(a)(43)(G)].

Because Duran stands convicted of an aggravated felony under the INA, he is statutorily ineligible for cancellation of removal, a form of relief available only to an alien who, among other things, "has not been convicted of any aggravated felony." INA § 240A(a) [8 U.S.C. § 1229b(a)].

Having determined that the IJ and the BIA correctly found that Duran is an aggravated felon, we will deny his petition for review. <u>See</u> INA § 242(a)(2)(c).