OPINION OF THE COURT
VAN ANTWERPEN, Circuit Judge.
Owen Johnson (“Johnson”) appeals from a sentence imposed on September 18, 2009, and entered on September 30, by the United States District Court for the Eastern District of Pennsylvania, which sentenced him to twenty-four (24) months’ imprisonment. For the reasons that follow, we will vacate the sentence and remand for re-sentencing.
I.
On November 20, 2008, a grand jury returned a single-count indictment charging Johnson, a citizen of Jamaica, with illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). Johnson pled guilty to that charge on February 2, 2009.
*206 A presentence investigation report (“PSR”) was prepared, which calculated a base offense level of eight (8).[1] The PSR then applied a sixteen-level enhancement under § 2L1.2(b)(1)(A), asserting that Johnson has a prior conviction for a “crime of violence.” The PSR predicated that enhancement upon Johnson’s conviction in 1996 for terroristic threats under 18 Pa. Cons.Stat. Ann. § 2706. The criminal complaint underlying the conviction alleged that Johnson “knowingly or intentionally or recklessly caused/attempted to cause bodily injury to another, and/or attempted by physical menace to put another in fear of imminent serious bodily injury.” (J.A. at 86.)
The PSR also recommended a three-level departure for acceptance of responsibility. With a resulting offense level of twenty-one (21), and a criminal history category of I, the Guidelines recommended a term of imprisonment of 37-46 months.
At the sentencing hearing on September 18, 2009, the District Court applied the sixteen-level enhancement over Johnson’s objection. The court concluded that the “terroristic threats [conviction] in the circumstances of this case [was] an appropriate qualifier for the 16 level enhancement.” (J.A. at 74.) Recognizing the severity of a sixteen-level enhancement, the court determined a variance was appropriate and imposed a sentence of twenty-four (24) months’ imprisonment. Johnson filed this timely appeal.
II.
The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review of the District Court’s interpretation of the Guidelines, and will review its determinations of fact for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007) (en banc).
III.
On appeal, Johnson argues that the District Court mistakenly categorized his conviction for making a terroristic threat as a crime of violence under USSG § 2L1.2. Because he has raised a question of law, our review is plenary. See United States v. Stinson, 592 F.3d 460, 462 n. 1 (3d Cir.2010) (“We exercise plenary review over questions of law, such as whether a crime is a crime of violence.”).
According to the commentary to § 2L1.2,
“ ‘[c]rime of violence’ means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.”
United States Sentencing Guidelines Manual § 2L1.2 comment, (n. l(B)(iii)) (2008). Terroristic threats is not an enumerated crime. Therefore, we must determine whether it qualifies as a crime of violence under the residual clause.
It is “settled law in this Circuit that an offender has committed a ‘crime of violence’ only if he acted with an intent to use force.” United States v. Otero, 502 F.3d *207 331, 335 (3d Cir.2007) (quotation omitted). Put simply, reckless or grossly negligent conduct does not qualify as a crime of violence for purposes of imposing an enhancement under § 2L1.2(b)(l)(A). Id.
At the time of Johnson’s conviction, Pennsylvania’s terroristic threats statute read:
A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.
18 Pa. Cons.Stat. Ann. § 2706 (emphasis added). To obtain a conviction, the prosecution “must prove: (1) the defendant made a threat to commit a crime of violence and (2) such threat was communicated with intent of terrorizing or with reckless disregard of the risk of causing terror.” Commonwealth v. Cancilla, 437 Pa.Super. 317, 649 A.2d 991, 992 (1994) (emphasis added). Accordingly, because a Pennsylvania terroristic threats offense requires a minimum mens rea of recklessness rather than intent, it is not a crime of violence for purposes of § 2L1.2.
Moreover, even assuming arguendo that we can consider the criminal complaint filed against Johnson in 1996 and ensuing judgment, neither document would resolve the issue because they do not reveal Johnson’s mens rea.[2] {See J.A. at 85 (finding Johnson “guilty as to Terroristic Threats”); id. at 86 (alleging that Johnson acted “knowingly or intentionally or recklessly”) (emphasis added).)[3]
*208 IY.
For the foregoing reasons, we will affirm Johnson’s conviction, but vacate his sentence and remand to the District Court for re-sentencing.

. The PSR relied on the 2008 version of the United States Sentencing Guidelines.

. “[A]bundantly clear” as the facts in the underlying criminal complaint may be, we may not consider Johnson’s actual conduct. The modified categorical approach “is not meant to circumvent the categorical approach by allowing courts to determine whether the actual conduct of the individual defendant constituted a purposeful, violent and aggressive act.” United States v. Johnson, 587 F.3d 203, 208 (3d Cir.2009). Our analysis remains faithful to this Circuit's expressed understanding of the modified categorical approach. See United States v. Stinson, 592 F.3d 460, 463 (3d Cir.2010) (acknowledging Johnson’s "reminder that the Supreme Court's decision in Shepard foreclosed the court from inquiring into the facts underlying the earlier conviction”).
Therefore, the dissent's contention that we can look at the underlying documents is misplaced. The dissent argues that we can look to the underlying criminal complaint to discern the mens rea with which Johnson acted. To the extent we can look at the document, it is only to determine with which mens rea Johnson was charged and convicted under the statute, which would be entirely consistent with the modified categorical approach. See Johnson, 587 F.3d at 208. We cannot consider Johnson's actual conduct to determine with which mens rea he acted on the particular occasion, which, all semantics aside, is precisely the course pursued by the dissent. Moreover, the dissent's approach implicates the exact concerns which constrain our review of the underlying documents — the cursory judgment in this case does not indicate why or for what charged conduct Johnson was actually convicted. See Shepard v. United States, 544 U.S. 13, 25-26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (noting constitutional concerns of re-trying prior convictions).
The criminal complaint and judgment do not answer this question for us, and that is as far as we may pursue the analysis under existing Supreme Court precedent. See also Chambers v. United States,-U.S.-, 129 S.Ct. 687, 694, 172 L.Ed.2d 484 (2009) (Alito, J., concurring) ("[Ojnly Congress can rescue the federal courts from the mire into which ... Taylor s 'categorical approach' [has] pushed us.”).

. Although we held in Bovkun v. Ashcroft, 283 F.3d 166, 170 (3d Cir.2002), that an alien's violation of Pennsylvania's pre-amendment terroristic threats statute was a crime of violence under 18 U.S.C. § 16(a), both parties here concede that Bovkun is not controlling. We agree.