CLD-033                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3952
_____

ZOUHEIR SAUL FAKHOURI,
                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES DEPARMENT OF HOMELAND SECURITY,
                                                Respondents
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-486-245)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted for Possible Dismissal for Lack of Jurisdiction or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2013
Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 8, 2013)
_____

OPINION
_____

PER CURIAM

        Petitioner Zouheir Saul Fakhouri seeks review of a final order of removal issued

by the Board of Immigration Appeals ("BIA").  The government has moved to dismiss

the petition for lack of jurisdiction, or in the alternative, to summarily deny the petition.

We will grant in part and deny in part the motion to dismiss. To the extent we have jurisdiction, we will grant the motion to summarily deny Fakhouri's petition as it presents no substantial question. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Fakhouri is a native and citizen of Morocco. He entered the United States in 1989 on a valid non-immigrant visa. In 2008, Fakhouri was convicted in Pennsylvania of two counts of delivery of a controlled or counterfeit substance and related drug offenses. He was sentenced to an aggregate term of imprisonment of two to five years, of which he served the full five years. As a result of his offenses, Fakhouri was charged with removability pursuant to 8 U.S.C. § 1228(a)(1), which provides for the expedited removal of aliens convicted of aggravated felonies.

Fakhouri applied for withholding of removal, as well as deferral of removal under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") determined that Fakhouri's drug offense constituted a "particularly serious crime" within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii), which renders him ineligible for withholding of removal. The IJ also concluded that Fakhouri had not shown a likelihood of torture either by his family, or by the Moroccan government or with its acquiescence. See 8 C.F.R. § 1208.16(c)(2); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). The IJ thus denied both applications for relief and ordered Fakhouri removed. On appeal, the Board of Immigration Appeals (BIA) affirmed the IJ's decision. Fakhouri has filed a petition for review, and has moved to stay his removal. The Government opposes the stay and

2

has filed a motion to dismiss the petition for lack of jurisdiction, or in the alternative, to summarily deny the petition.

In its motion to dismiss, the Government argues this Court lacks jurisdiction to consider Fakhouri's petition in light of 8 U.S.C. § 1252(a)(2)(B)(ii), which precludes review of certain discretionary decisions of the Attorney General. It acknowledges, however, that this Court may entertain constitutional challenges and questions of law. See 8 U.S.C. § 1252(a)(2)(D). While some of Fakhouri's claims fail to raise "colorable violations" of the Constitution, see Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007), his petition does present questions of law which we have jurisdiction to review. Accordingly, the motion to dismiss is denied in part.

Fakhouri first challenges the IJ's determination that his drug offense was a "particularly serious crime." We have jurisdiction to review this determination. See Alaka v. Att'y Gen., 456 F.3d 88, 101-02 (3d Cir. 2006). An alien is considered to have committed a particularly serious crime if he has been convicted of an aggravated felony for which he has been sentenced to an aggregate term of imprisonment of at least five years. 8 U.S.C. § 1231(b)(3)(B)(ii). Fakhouri does not dispute that he was convicted of an aggravated felony. Moreover, a sentence of two to five years is functionally equivalent to a sentence of five years for purposes of immigration consequences. See Bovkun v. Ashcroft, 283 F.3d 166, 170-71 (3d Cir. 2002). Therefore, as the IJ concluded, Fakhouri's conviction is, *per se*, a "particularly serious crime." See In re Y-L, 23 I. & N. Dec. 270, 273 (BIA 2002). Accordingly, his argument that he can present

3

"extraordinary and compelling circumstances" to demonstrate that his offense was not a "particularly serious crime" is unavailing. See id. at 276-77 (delineating extenuating circumstances under which an alien may be able to rebut the *presumption* that a drug trafficking conviction is for a "particularly serious crime.").

Fakhouri sets forth several due process claims. Specifically, he maintains that the IJ allowed him "only minimal procedural testimonial and fail[ed] to review documents and evidence to support his application," and that the BIA failed to make a pronouncement on his credibility. In reviewing a CAT application, an IJ must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3). We have jurisdiction to review claims that the IJ failed to consider certain evidence. See Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012). Fakhouri assumes that the IJ did not assess all of his evidence because it was not all discussed in the decision. The IJ's thorough opinion supports his statement that he looked "at this case as closely as possible." At the hearing, the IJ indicated that he was "very familiar with [Fakhouri's] case," including Fakhouri's declaration -- a 20-page statement -- which Fakhouri insists supports his claim. There is simply no indication that the IJ failed to consider any relevant evidence.[1] See Huang v. Att'y Gen., 620 F.3d 372, 388 (3d Cir. 2010) (the IJ and BIA need not "discuss every piece of evidence" presented by an applicant).

---

[1] The only specific evidence Fakhouri alleges that the IJ failed to consider was regarding human rights abuses by Moroccan Security Forces. The evidence he presented, however, involved alleged abuses by Security Forces against (1) individuals advocating for the independence of the Sahrawi people and demonstrating in opposition to continued Moroccan sovereignty over the Western Sahara, A.R. at 306-08, 310-11, 328, 331, 351, and (2) migrants and asylum seekers, A.R. at 330, 333-34. The only other evidence in the record is alleged abuses during the arrest of an

4

Fakhouri next asserts that he failed to meet his burden of proof on the CAT claim because he was limited in his presentation of evidence before the IJ. "At the core of due process are the requirements of notice and a meaningful opportunity to be heard." Jarbough, 483 F.3d at 190. The hearing was initially set for March 14, 2013, but was held two weeks later on March 28, 2013. As the IJ indicated, Fakhouri "expressed some surprise" that the hearing was being held on that day because he had not received notice of the rescheduled date. Fakhouri conceded, however, that he was prepared and indicated that the hearing should proceed. A.R. at 193.

Fakhouri's claim that the IJ failed to sufficiently cross-examine him is also unavailing. The IJ has a duty to establish and develop the record. Toure v. Att'y Gen., 443 F.3d 310, 325 (3d Cir. 2006); see also 8 U.S.C. § 1229a(b)(1). At the preliminary hearing, the IJ informed Fakhouri of his right to present evidence in the form of testimony, witnesses, and documentation. A.R. at 185-86. At the hearing, the IJ specifically questioned Fakhouri about his fear of returning to Morocco. A.R. at 29-30. The IJ's duty, however, does not relieve Fakhouri of his ultimate burden of proving his entitlement to relief under CAT, which is well established. See Lavira v. Att'y Gen., 478 F.3d 158, 166 (3d Cir. 2007). Fakhouri does not allege that he was prevented from presenting any particular evidence, nor do we perceive that the IJ limited his testimony in any manner. Accordingly, the IJ did not violate his duty to develop the record.

---

individual who posted a picture of the Prince Moulay Rachid on Facebook, A.R. at 314. None of this evidence is relevant to Fakhouri's CAT claim.

Finally, Fakhouri argues that the BIA failed to make a pronouncement on his credibility and to "verify" his evidence. A review of these alleged constitutional claims reveals they are not colorable. The BIA specifically acknowledged that the IJ had found Fakhouri credible, and it did not discount his testimony. The essence of Fakhouri's arguments relates to how the IJ, and the BIA on review, weighed the evidence; these are arguments which we lack jurisdiction to consider. See Jarbough, 483 F.3d at 190 ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under § [1252](a)(2)(D).").

Based on the foregoing, we will grant in part and deny in part the motion to dismiss. To the extent we have jurisdiction, we will summarily deny the petition for review. Petitioner's motions for a stay of removal, for appointment of counsel, "for injunctive/declaratory relief, motion for reconsideration, and request for certified administrative record," and "for less filing number of the brief copies & motion for extension for such filing" are denied as moot.