NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3660
_____

RODOLFO LOPEZ-MONTESINO,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A078-498-602)
Immigration Judge: Hon. Charles M. Honeyman
_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2020

Before: JORDAN, MATEY, and ROTH, *Circuit Judges*

(Filed: October 1, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Rodolfo Lopez-Montesino petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the determination of an Immigration Judge ("IJ") that he is ineligible for adjustment of status under 8 U.S.C. § 1255 and cancellation of removal under 8 U.S.C. § 1229b(b). Because Lopez-Montesino's arguments are contrary to controlling precedent and the plain language of the relevant statute, we will deny the petition for review.

## I.    BACKGROUND

Lopez-Montesino is a citizen and national of El Salvador. He entered the United States in or around January of 1991, without being formally inspected or admitted. In 2001, he was granted Temporary Protected Status ("TPS").

Between March 2002 and January 2005, Lopez-Montesino was twice convicted in Pennsylvania of driving under the influence. His first conviction resulted in a sentence with a minimum of 90 days' confinement and a maximum of 18 months' confinement. His second resulted in a sentence with a minimum of 90 days' confinement and a maximum of five years' confinement. In April 2013, the Department of Homeland Security revoked Lopez-Montesino's TPS because of his criminal convictions.

Thereafter, Lopez-Montesino appeared before an IJ and sought adjustment of status under 8 U.S.C. § 1255, based on an approved visa petition filed by his United States citizen spouse. He also sought cancellation of removal under 8 U.S.C. § 1229b(b). The IJ pretermitted and denied both applications. As to Lopez-Montesino's application for adjustment of status, the IJ found that he was in "unlawful immigration status" at the time

2

of his application, and thus was ineligible for adjustment of status under 8 U.S.C. § 1255(c).[1] (App. 13.) Regarding cancellation of removal, the IJ determined that Lopez-Montesino was ineligible for relief because "the sum of [his] sentences to confinement totaled six years and six months, which exceeds the five-year period set forth" in 8 U.S.C. § 1182(a)(2)(B).[2] (App. 15.)

Lopez-Montesino appealed the IJ's decision to the BIA, which dismissed the appeal. The BIA agreed with Lopez-Montesino that the IJ was wrong to conclude that he was ineligible for adjustment of status under 8 U.S.C. § 1255(c), but held that any error in that regard was harmless because he nevertheless was ineligible for adjustment of status under 8 U.S.C. § 1255(a).[3] Specifically, the BIA reasoned that Lopez-Montesino had never been "inspected and admitted or paroled into the United States," as required by § 1255(a), and that his being the beneficiary of TPS did not substitute for, or otherwise satisfy, that

---

[1] 8 U.S.C. § 1255(c) renders ineligible for adjustment of status "an alien (other than an immediate relative as defined in section 1151(b) of this title or a special immigrant described in section 1101(a)(27)(H), (I), (J), or (K) of this title) … who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States[.]"

[2] 8 U.S.C. § 1182(a)(2)(B) provides that "[a]ny alien convicted of 2 or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years or more is inadmissible."

[3] 8 U.S.C. § 1255(a) states in relevant part that "[t]he status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General[.]"

3

statutory prerequisite. (App. 5) The BIA also agreed with the IJ that Lopez-Montesino was ineligible for cancellation of removal because he had been sentenced, in the aggregate, to more than five years of confinement.

Lopez-Montesino has timely petitioned for review.

## II. DISCUSSION[4]

Lopez-Montesino first asserts that the BIA erred in not remanding his case once it determined that the IJ's stated basis for pretermitting his adjustment of status application was legally incorrect. He also asserts that the BIA further erred in concluding that his grant of TPS was insufficient to satisfy the requirement that he be inspected and admitted or paroled into the United States. Our precedent, however, forecloses both of those arguments.

Dealing with the second argument first, the sole basis for saying that Lopez-Montesino was "inspected and admitted" is that he was granted TPS. But we recently issued a precedential decision holding that TPS does *not* constitute "admission" into the United States for adjustment of status purposes. *Sanchez v. Sec'y United States Dep't of Homeland Sec.*, --- F.3d ---, No. 19-1311, 2020 WL 4197523, at *1 (3d Cir. July 22, 2020). Because "[w]e are … generally obligated to follow our precedent absent en banc reconsideration[,]" *Karns v. Shanahan*, 879 F.3d 504, 514 (3d Cir. 2018); *see also* 3d Cir.

---

[4] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252. "When, as here, the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions. We review questions of law de novo." *Lupera-Espinoza v. Attorney Gen. of U.S.*, 716 F.3d 781, 785 (3d Cir. 2013) (internal quotation marks and citations omitted).

4

I.O.P. 9.1, Lopez-Montesino's argument to the contrary fails. Consequently, even assuming that the BIA incorrectly refused to remand his case to the IJ to address the TPS-admission question in the first instance, Lopez-Montesino still is not entitled to relief because any such remand would now be futile in light of *Sanchez*. *See Ricketts v. Attorney Gen. United States of Am.*, 955 F.3d 348, 352 (3d Cir. 2020) ("[W]hen remand would be futile – meaning the BIA on remand would be unable as a matter of law to grant the relief sought – we may deny a petition for review, without regard to the various issues that might otherwise be in play in the case.").

Lopez-Montesino also argues that both the IJ and the BIA erred in concluding that he was disqualified from applying for cancellation of removal due to his two prior convictions in Pennsylvania for driving under the influence. On appeal, he does not dispute that either the number or nature of his prior convictions are potentially disqualifying. 8 U.S.C. §§ 1229b(b)(1)(C); 1182(a)(2)(B). Nor does he dispute that the aggregate sentences imposed on him for those two convictions was six years and six months, which exceeds the five-year statutory threshold for disqualification. 8 U.S.C. § 1182(a)(2)(B). Rather, his only argument is that his eligibility for cancellation of removal depends on the actual period of his confinement, which he claims only totaled 120 days, and not the length of the sentences imposed on him. Yet both the relevant statutory language and our precedent refute Lopez-Montesino's assertion.

Lopez-Montesino's "actual confinement" argument is based entirely on the change to 8 U.S.C. § 1182(a)(2)(B) effectuated by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which went into effect on April 1, 1997. Before IIRIRA,

5

§ 1182(a)(2)(B) specifically referred to aggregate sentences that were "actually imposed," but IIRIRA deleted that language. According to Lopez-Montesino, that change "[a]rguably … should direct the calculation to the *served* period of confinement and not the *imposed* period of confinement." (Opening Br. at 21.)

But, as Lopez-Montesino acknowledges, IIRIRA did not remove the "actually imposed" language from § 1182(a)(2)(B) in a vacuum. That statute simultaneously added new definitional language specifying that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement *ordered by a court of law* regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B) (emphasis added). Thus, IIRIRA did not eliminate the "actually imposed" concept from § 1182(a)(2)(B), but instead centralized that concept and made it broadly applicable, including to § 1182(a)(2)(B). We have recognized as much in an analogous context. *See United States v. Graham*, 169 F.3d 787, 790 (3d Cir. 1999) (rejecting argument that the deletion of the phrase "imposed (regardless of any suspension of imprisonment)" from definition of "aggravated felony" pursuant to IIRIRA meant Congress intended to begin relying on something "other than the sentence actually imposed for a conviction," and noting that IIRIRA's addition of § 1101(a)(48)(B) "suggests that the actual term imposed is ordinarily the definitional touchstone"). The logic of *Graham* is directly applicable here, and Lopez-Montesino advances no argument nor identifies any authority suggesting a contrary conclusion. Indeed, although IIRIRA has been in effect for over 23 years, Lopez-

6

Montesino does not cite a single case or administrative decision supporting his construction of § 1182(a)(2)(B).

Accordingly, we reject the argument that § 1182(a)(2)(B) refers to the served period of confinement rather than the actual sentence imposed. Because the aggregate sentences actually imposed on him for his two prior convictions exceeded five years,[5] Lopez-Montesino is statutorily barred from seeking cancellation of removal, and neither the IJ nor the BIA erred in so holding.

## III.  CONCLUSION

For the foregoing reasons, we will deny Lopez-Montesino's petition for review.

---

[5] Under Pennsylvania law, Lopez-Montesino's sentences contained a minimum and maximum term of confinement. To the extent he argues that only the minimum period of confinement is relevant, we have long-since rejected that line of reasoning. *See Bovkun v. Ashcroft*, 283 F.3d 166, 171 (3d Cir. 2002) (holding petitioner's sentence of 11 to 23 months under Pennsylvania law should be treated "as if it were a simple sentence of 23 months" because the "sentence was functionally the same as a sentence of 23 months, with parole eligibility beginning after 11 months[,]" and, thus "was not at all comparable to a simple sentence of 11 months").