**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3404
_____

LISBELL MARIONE PATINO MADGE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-660-315)
Immigration Judge: Matthew Watters
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2021
_____

Before: JORDAN, PORTER, and RENDELL,
*Circuit Judges*.

(Filed: September 28, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Lisbell Patino-Madge is a native and citizen of Peru and a lawful permanent resident of the United States. In 2012, she was convicted of retail theft and conspiracy under Pennsylvania law, for which she received twelve months' probation. In 2017, Patino-Madge was convicted of simple assault under Pennsylvania law, for which she received four to twelve months' imprisonment. Based on the assault conviction, the Department of Homeland Security charged her with removability for having been convicted of (1) two or more crimes involving moral turpitude and (2) an aggravated felony. The Immigration Judge ("IJ") sustained the charges, and Patino-Madge appealed the decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, ruling that Patino-Madge was properly found removable for having been convicted of an aggravated felony. Patino-Madge timely petitioned this Court for review of the BIA's decision. We will deny the petition.

I

We have jurisdiction over this petition for review under 8 U.S.C. § 1252(a). The IJ held that Patino-Madge's assault conviction is both an aggravated felony and a crime involving moral turpitude, but the BIA affirmed only on the basis that the assault conviction is an aggravated felony. "Where the BIA affirms and partially reiterates the IJ's discussions and determinations, we look to both decisions. If the Board relies only on some of the grounds given for denying relief, we review only these grounds." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (citations omitted). Our review is thus limited to whether Patino-Madge's assault conviction is an aggravated felony, which is a

2

legal question that we review de novo. *See Restrepo v. Att'y Gen.*, 617 F.3d 787, 790 (3d Cir. 2010). We write for the parties, who are familiar with the record.

## II

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Congress defined "aggravated felony" with a list of offenses. *See id.* § 1101(a)(43). The list includes "crime[s] of violence" for which the term of imprisonment is at least one year. *Id.* § 1101(a)(43)(F). A "crime of violence" is in turn defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Patino-Madge was sentenced to four to twelve months' imprisonment for her simple-assault conviction under 18 Pa. Cons. Stat. § 2701(a)(3). *See Bovkun v. Ashcroft*, 283 F.3d 166, 170–71 (3d Cir. 2002) (noting that we must "determine what is the term of imprisonment actually imposed" and concluding that "a sentence with both a minimum and a maximum term is treated comparably with a functionally equivalent sentence with only a maximum term"). To resolve this case, then, we need only decide whether simple assault under section 2701(a)(3) "has as an element the . . . threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

We have already answered that question. In *Singh v. Gonzales*, 432 F.3d 533 (3d Cir. 2006), we held that "simple assault as defined by 18 Pa. Cons. Stat. Ann. § 2701(a)(3) requires specific intent to use, threaten to use, or attempt to use force against an individual, and is therefore a crime of violence within 18 U.S.C. § 16(a)." *Singh*, 432 F.3d at 540. We thus held that the alien was "removable under 8 U.S.C.

3

§ 1227(a)(2)(A)(iii) as an aggravated felon" and denied the petition for review. *Id.* at 542. Patino-Madge argues that *Johnson v. United States*, 559 U.S. 133 (2010), abrogated our decision, so we "should now reverse [our] prior holding from *Singh*." Pet'r Br. 11. We disagree. *Singh* is still good law, and nothing in *Johnson* is to the contrary.

In *Johnson*, the Supreme Court clarified the meaning of "physical force" in 18 U.S.C. § 924. The Court reasoned that, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force." *Johnson*, 559 U.S. at 140 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). *Johnson* did not concern § 16(a), the provision at issue here. But the Court noted that § 924 and § 16 contain "very similar" provisions, and it looked to cases interpreting § 16 to guide its interpretation of § 924. *Id.* Specifically, the Court applied *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which employed similar contextual reasoning: in interpreting "physical force" in § 16(a), "we cannot forget that we ultimately are determining the meaning of the term 'crime of violence.'" *Id.* at 11 (quoting 18 U.S.C. § 16(a)); *see also Johnson*, 559 U.S. at 140. In both cases, the Court reasoned that the meaning of "physical force" was informed by the context of what it defined: a *violent* crime. *Leocal*, 543 U.S. at 11; *Johnson*, 559 U.S. at 140. The defendant in *Johnson* had been convicted of battery in Florida. *Johnson*, 559 U.S. at 136. The physical element of battery under Florida law could be satisfied by any intentional contact, however minimal. *Id.* at 138. Because battery under Florida law did not require violent force, it fell short of the federal statutory definition of a "violent felony." 18 U.S.C. § 924(e)(2)(B); *see Johnson*, 559 U.S. at 145.

4

*Singh* and *Johnson* are compatible. In Pennsylvania, a person is guilty of simple assault if she "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa. Cons. Stat. § 2701(a)(3). In *Singh*, we interpreted "physical menace" as requiring "some physical act by the perpetrator intended to cause 'fear of imminent serious bodily injury' in the victim." *Singh*, 432 F.3d at 539 (quoting 18 Pa. Cons. Stat. § 2701(a)(3)). Violent force is "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. A threat of "imminent serious bodily injury" is, therefore, a threat of violent physical force. 18 Pa. Cons. Stat. § 2701(a)(3); *see Singh*, 432 F.3d at 540. Simple assault under § 2701(a)(3) requires a threat of violent force, so *Singh*'s analysis is consistent with *Johnson*.

Patino-Madge argues that *Johnson*'s violent-force requirement applies to the physical-act element of simple assault. She suggests that assault could be a crime of violence only if it required a *violent* physical act threatening violent physical force. But neither § 16(a) nor *Johnson* imposes such a requirement. Rather, a physical act that threatens violent force is itself a "threatened use of [violent] physical force." 18 U.S.C. § 16(a); *see Johnson*, 559 U.S. at 140. As we said in *Singh*, it is "meaningless" to distinguish between "physical acts committed to threaten another with corporeal harm" and the concept of the "'threatened use of physical force' employed by § 16(a)." *Singh*, 432 F.3d at 539–40.

Simple assault under Pennsylvania law is thus a crime of violence, as we have already held. *Id.* at 540. No subsequent case or statute requires us to overturn *Singh*. Patino-Madge's conviction under 18 Pa. Cons. Stat. § 2701(a)(3) is thus a conviction for

5

an aggravated felony and a removable offense. *See* 8 U.S.C. § 1101(a)(43)(F); 8 U.S.C. § 1227(a)(2)(A)(iii).

*     *     *

We will deny the petition for review.